IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 3, 2005

## KEUNTRAY HENSON v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. P27402     W. Fred Axley, Judge**

---

**No. W2004-02164-CCA-R3-PC  - Filed July 27, 2005**

---

The petitioner challenges the denial of his post-conviction petition, in which he alleged ineffective assistance of counsel.  Upon review, we conclude that the evidence on appeal does not preponderate against the post-conviction court's findings that:  (1) counsel adequately informed the petitioner regarding the filing of a motion to suppress; and (2)  no hearing was necessary on the motion because the petitioner opted to plead guilty.  Therefore, we affirm the denial of post-conviction relief.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and DAVID H. WELLES, J., joined.

Paul Guibao, Memphis, Tennessee, for the appellant, Keuntray Henson.

Paul G. Summers, Attorney General and Reporter; David E. Coenen, Assistant Attorney General; William L. Gibbons, District Attorney General; and Dean DeCandia, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

Facts and Procedural History

The petitioner, Keuntray Henson, was indicted by the Shelby County Grand Jury on two counts of aggravated robbery (a Class B felony) and three counts of especially aggravated kidnapping (a Class A felony).  Pursuant to a negotiated agreement, he pled guilty to one count of aggravated robbery and three counts of false imprisonment (a Class A misdemeanor), and received concurrent sentences of eight years and eleven months and twenty-nine days on the charges, respectively.  Thereafter, the petitioner filed a *pro se* petition for post-conviction relief; the post-conviction court appointed counsel; and an amended petition was filed.  The post-conviction court heard the matter on April 21, 2004, and subsequently denied relief by written order issued July 23, 2004.  The petitioner filed a notice of appeal to this court on August 30, 2004.  On appeal, the petitioner

contends that counsel was ineffective in failing to: (1) inform him that she had filed a motion to suppress his statement to police; and (2) hold a hearing on the motion to suppress. He further contends that these omissions influenced his decision to plead guilty. Upon thorough review, we affirm the post-conviction court's denial of relief.

At the post-conviction hearing, the petitioner testified that, on the morning of his arrest, he was taken from school to the police station at approximately 9:00 a.m.; that officers came in to talk to him around 8:00 p.m.; and that he submitted a statement to police at approximately 10:00 p.m. The petitioner recalled that he was not allowed to call his family members until he completed his statement, despite repeated requests to do so. He further noted that he was not represented by counsel at that time. He stated that counsel was appointed to represent him in juvenile court and continued to represent him after his transfer to criminal court, where he ultimately pled guilty to the conviction offenses.

Regarding his contact with counsel, the petitioner recalled that he, his mother, and counsel met ten or eleven times prior to his plea. He further stated that he was never able to review the statement he made to police or the statements of others involved in the incident. The petitioner testified that he pled guilty because "[counsel] wasn't giving the type of stuff that I needed to try to even go to trial on it." He stated that, although he told counsel that he was interrogated without his parents or an attorney present, she never informed him of how that might impact his case. The petitioner testified that he was not made aware that counsel had filed a motion to suppress his statement to police prior to his plea. Finally, he stated that his belief that counsel had not attempted to suppress the statement impacted his decision to accept the plea offer.

On cross-examination, the petitioner acknowledged that he signed the waiver of trial by jury. He further admitted that he twice answered affirmatively when asked if he felt that counsel had done "a good job" with his case. On redirect examination, the petitioner testified that he was seventeen and in the ninth grade at the time of his arrest. The petitioner testified that he only really began to understand his rights when he went to the penitentiary and began to learn from other inmates who researched in the law library. When asked by the post-conviction court if there was anything that he did not understand about his guilty plea, the petitioner responded, "No, sir."

The petitioner's mother, Chanta Royston, testified that she was informed by the petitioner's principal that the petitioner had been arrested at school. Royston stated that she spoke with the petitioner for the first time at approximately 7:30 p.m. on the day of his arrest, and that she was not present when the petitioner was interrogated or when he gave his statement to police. She testified that she was present with the petitioner in his meetings with counsel and that counsel informed them that the petitioner was facing between eight and fifteen years without a trial or between fifteen and twenty-five years with a trial.

Royston recalled that she asked counsel if the petitioner's statement could be used against him, to which counsel replied "that she would look into it." Royston further noted that she only saw the motion to suppress "after [the petitioner had] signed for the time." On cross-examination,

Royston acknowledged that she was present at the time of the guilty plea and that she heard the judge's questions to the petitioner and the petitioner's responses to those questions.

As the final witness at the hearing, counsel testified that the petitioner was originally indicted in juvenile court but was transferred to criminal court because of his age and the violent nature of the charged offenses. Counsel explained that she did not file a motion to suppress in juvenile court because she knew the case was being transferred and she "did not want to give [her] strategy away to the State at that time in terms of what [her] arguments would be prior to having a hearing in criminal court."

Counsel recalled that she informed the petitioner that he was facing between fifteen and twenty-five years on each charge of aggravated kidnapping and between eight and twelve years for aggravated robbery. She further explained to the petitioner that he would be classified as a Range I, standard offender and that the State could request consecutive sentencing. Counsel stated that she told the petitioner and his mother that she would file a motion to suppress the petitioner's statement to police and that she filed the motion shortly thereafter. Counsel testified that after receiving a plea offer from the State, she submitted a discovery packet and the State's offer for the petitioner's review and discussed those matters with him. On December 10, 2002, the petitioner informed counsel that he wanted to plead guilty and, on January 22, 2003, he did so.

On cross-examination, counsel acknowledged that she never had a hearing on the motion to suppress because, in her experience, the general policy of the State was to withdraw the offer if a motion is heard. Counsel noted that, had the petitioner elected to go to trial, the motion to suppress would have been set for a hearing and would have been heard prior to trial. Following the hearing, the post-conviction court denied relief and dismissed the petition.

Analysis

The State initially contends that the petitioner's appeal should be dismissed for failure to timely file his notice of appeal. However, an untimely notice of appeal, unlike an untimely motion for new trial, is not jurisdictional and can be waived by this court "in the interest of justice." Tenn. R. App. P. 4(a). Therefore, concluding that it is in the interest of justice, we will waive the untimely notice of appeal and proceed to the merits of the petitioner's argument.

The petitioner's contentions on appeal are grounded in his right to effective assistance of counsel. When a claim of ineffective assistance of counsel is made under the Sixth Amendment, the petitioner bears the burden of proving that counsel's performance was deficient and that the deficiency was prejudicial in terms of rendering a reasonable probability that the result of the trial was unreliable or the proceedings were fundamentally unfair. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). This standard has also been applied to the right to counsel under Article I, Section 9 of the Tennessee Constitution. State v. Melson, 772 S.W.2d 417, 419 n.2 (Tenn. 1989). When a petitioner claims ineffective assistance of counsel in relation to a guilty plea, the petitioner must prove that counsel performed deficiently, and, but for

counsel's errors, the petitioner would not have pled guilty but would have, instead, insisted upon going to trial. Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366, 370, 88 L. Ed. 2d 203 (1985).

In Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975), our supreme court required that the services be rendered within the range of competence demanded of attorneys in criminal cases. In reviewing counsel's conduct, a "fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689, 104 S. Ct. at 2065; see Nichols v. State, 90 S.W.3d 576, 587 (Tenn. 2002).

The petitioner bears the burden of proving by clear and convincing evidence the factual allegations that would entitle the petitioner to relief. Tenn. Code Ann. § 40-30-110(f). This court is bound by the post-conviction court's findings of fact unless the evidence preponderates against those findings. Fields v. State, 40 S.W.3d 450, 456-57 (Tenn. 2001).

The petitioner first contends that counsel was ineffective in failing to inform him that she had filed a motion to suppress his statement. However, at the post-conviction hearing, counsel testified that she told the petitioner and his mother that she would file a motion to suppress and that she subsequently filed the motion. Ultimately, the post-conviction court accredited the testimony of counsel and denied post-conviction relief. Upon review, we conclude that the evidence presented on appeal does not preponderate against the post-conviction court's finding that counsel effectively communicated with the petitioner regarding the filing of the motion to suppress.

The petitioner also alleges that counsel was ineffective in failing to hold a hearing on the motion to suppress in the trial court. However, counsel explained that she did not go forward with the motion hearing because her experience led her to believe that once a motion is heard, the State's plea offer is withdrawn. After giving the petitioner ample time to review both the discovery packet and the plea offer, the petitioner opted to accept the plea and not proceed to trial; therefore, counsel did not set a motion hearing. Upon the presentation of proof, the post-conviction court again accepted counsel's testimony and found that:

> a Motion to Suppress was filed at the trial level, but its outcome became a moot point, as Petitioner decided to enter a guilty plea with the State. As such, Petitioner's claim is without merit, and cannot be a basis for relief.

We agree and likewise conclude that the petitioner has failed to show by clear and convincing evidence that counsel's actions fell below "that demanded of an attorney in a criminal case." See Baxter, 523 S.W.2d at 936 (Tenn. 1975). As such, his claim for ineffective assistance of counsel cannot stand.

## Conclusion

The denial of post-conviction relief is affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE